IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| AARON P. CHITISON, individually and as Administrator of the Estate of Aaron W. Chitison, deceased, | : : : : |
| Plaintiff, | : : |
| v. | : : |
| HYUNDAI MOTOR AMERICA, et al., | : : |
| Defendants. | : |

Case No. 2:24-cv-3740

Judge Algenon L. Marbley

Magistrate Judge Chelsey M. Vascura

**OPINION & ORDER**

This matter is before this Court on Defendant Hyundai Motor America's Motion to Dismiss ("Motion"). (ECF No. 5).  For the reasons set forth below, Defendant's Motion is **GRANTED**.

**I.     BACKGROUND**

Plaintiff, Aaron P. Chitison, brings this case as the father of Aaron W. Chitison ("Decedent") and the administrator of the Estate of Aaron W. Chitison. (ECF No. 2 ¶ 1). On July 24, 2022, the Decedent was killed in a car accident while he was an occupant of a stolen 2013 Hyundai Elantra.  (*Id*. ¶¶ 1–5).  The details around the theft of the car and the car accident remain unknown and are not addressed in Plaintiff's complaint. Instead, this case arises from the anti-theft system used by Defendant which allegedly made the Hyundai Elantra more susceptible to theft and caused the Decedent's death. (*Id*. ¶ 47).  Plaintiff alleges Defendant's responsibility is due its "decision to manufacture, market, distribute, and sell cars lacking an anti-theft device called an ignition 'immobilizer,' which has been standard issue in the car industry for decades." (*Id*. ¶ 9).

Plaintiff filed a complaint in the Court of Common Pleas for Franklin County, Ohio, against Hyundai, "John Does, 1-10," and "XYZ Corporations, 1-10." (ECF No. 2). Plaintiff brought state-law causes of action including claims for products liability, negligence, and wrongful death. (*Id*.). He seeks damages including funeral/ burial and medical expenses, loss of services, loss of support, loss of society, mental anguish, compensatory damages, wrongful death damages, punitive damages, and attorney's fees. (*Id*. ¶¶ 58–60 ; ECF No. 9 at 1). On July 22, 2024, Defendant removed this case from state court on diversity jurisdiction grounds, noting that defendants John Does, 1-10 and XYZ Corporations, 1-10 are to be disregarded pursuant to 28 U.S.C. § 1441(b)(1). (ECF No. 1). On August 9, 2024, Defendant filed a Motion to Dismiss to which Plaintiff responded. (ECF Nos. 5, 9, 15).

On November 5, 2024, Plaintiff had yet to identify the names of the "John Does" or "XYZ Corporations." (ECF No. 16). As such, Plaintiff was ordered to show cause why the unnamed defendants should not be dismissed and later ordered "to identify the Doe Defendants, move to amend the Complaint to substitute their real names, and effect service of process over the Doe Defendants on or before January 18, 2025." (*Id*.; ECF No. 18). On January 10, 2025, this case was stayed pending this Court's decision on the Motion to Dismiss. (ECF No. 24).

The case was stayed, in part, due to Plaintiff alleging substantially similar facts as plaintiffs in *Moshi v. Kia America, Inc*., Case No. 2:24-cv-606; and *Strench v. Hyundai Motor America Corporation Service Company*, Case No. 2:24-cv-699. (*Id*.).  In both cases, Magistrate Judge Chelsey M. Vascura granted the motions to dismiss for failure to state a claim upon analyzing substantially similar arguments as offered by the Defendant and Plaintiff in the case *sub judice*. (*Id*.). The primary argument in these related cases is for dismissal under Rule 12(b)(6) for the

2

plaintiff's failure to establish that the defendant's actions were the proximate cause of the decedent's death.

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted "is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958–59 (6th Cir. 2005). When evaluating such a motion, "[a]ll factual allegations in the complaint must be presumed to be true, and reasonable inferences must be made in favor of the non-moving party." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). But the court "need not . . . accept unwarranted factual inferences." *Id*. Complaints must state "more than a bare assertion of legal conclusions to survive a motion to dismiss." *Horn v. Husqvarna Consumer Outdoor Products N.A., Inc*., 2013 WL 693119, at *1 (S.D. Ohio Feb. 26, 2013) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The claim to relief must be "'plausible on its face,'" with "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

## III. LAW AND ANALYSIS

Defendant argues the complaint should be dismissed in its entirety due to Plaintiff's failure to allege proximate causation. (ECF No. 5 at 3). Additionally, Defendant asserts that Plaintiff's common law claims are barred because the Ohio Products Liability Act ("OPLA") "abrogate[s] all common law product liability claims or causes of action." Ohio Rev. Code Ann. § 2307.71(B).

(ECF Nos. 5 at 8; 15 at 4). Further, Plaintiff fails to allege essential elements of OPLA liability. (ECF No. 5 at 10).

### A. Proximate Causation

Defendant's most essential argument is that Plaintiff fails to allege proximate cause. (*Id*. at 5). Proximate cause is an element for each of Plaintiff's claims regarding the Decedent's injury. *Wheeler v. Estes Exp. Lines, 53 F. Supp. 3d 1032, 1037 (N.D. Ohio 2014)*; (negligence) *Hellmuth v. Hood*, No. 19-3558, 2019 WL 9088170, at *3 (6th Cir. Dec. 20, 2019) (wrongful death); *Yanovich v. Zimmer Austin, Inc.*, 255 F. App'x 957, 960 (6th Cir. 2007) (OPLA). "Proximate cause is generally established where an original act is wrongful or negligent and, in a natural and continuous sequence, produces a result that would not have taken place without the act." *Petre v. Norfolk S. Ry. Co.*, 458 F. Supp. 2d 518, 527 (N.D. Ohio 2006) (citing *Strother v. Hutchinson*, 423 N.E.2d 467, 470–71 (Ohio 1981)).

Defendant argues that well-established Ohio law precludes arguments that a car's theft-prevention system proximately caused a thief to recklessly crash the car. (ECF No. 5 at 4-5). This precedent is illustrated in *Ross v. Nutt*, 177 Ohio St. 113, 115 (1964). (ECF No. 9 at 2–3). In *Ross*, a defendant left his keys inside of an unattended car in violation of a city ordinance, a thief then operated a vehicle causing injuries to a third person. *Ross*, 177 Ohio St. at 114, 203 N.E.2d at 120. The Ohio Supreme Court found that, "even assuming negligence on the part of the defendant in the first instance in leaving his key in the vehicle in violation of the ordinance, the chain of causation was broken by the negligence of the thief in operating the vehicle." *Id*.

Plaintiff maintains that *Ross* is distinguishable because it did not involve a car manufacturer's knowledge of, and ability to prevent, theft of its cars. (ECF No. 9 at 2). Plaintiff instead applies several cases discussing the foreseeability of crime in the context of premise

liability. For example, in *Allison v. McDonald's Restaurants*, No. 63170, 1993 WL 453689, at *1 (Ohio Ct. App. Nov. 4, 1993), the court held negligence claims against a business owner may be based on the criminal act of a third party if the business invitee demonstrates the criminal act was foreseeable. The court further explained that the "foreseeability" test "is applied to the totality of the circumstances" and asks "'whether a reasonably prudent person would have anticipated that an injury was likely to result from the performance or nonperformance of an act.'" *Id*. (quoting *Menifee v. Ohio Welding Prods., Inc*., 15 Ohio St. 3d 75, 77, 472 N.E.2d 707, 710 (1984). The court denied summary judgment for the defendant when the defendant operated a business where several hundred crimes were reported in the area defendant should have anticipated criminal acts against customers. *Id*. Plaintiff applies this reasoning to this case and asserts that crime on property to a person and a crime to a person committed through a vehicle has a "distinction without a difference." (ECF No. 9 at 3–5).

Plaintiff's theory of liability, however, fails to address the uniform Ohio case law in line with *Ross*. Recently, the District Court for the Northern District of Ohio found a plaintiff failed to allege proximate cause in a case with substantially similar arguments. *Fox v. Kia Am., Inc*., 726 F. Supp. 3d 765 (N.D. Ohio 2024). In *Fox*, a plaintiff was injured when the driver of a stolen Kia Sportage was fleeing from police and collided with plaintiff's vehicle. *Id*. at 768. Like Plaintiff in the case *sub judice*, the *Fox* plaintiff claimed her injuries were caused by the defendant, a car manufacturer, failing to use industry-standard anti-theft devices which made the defendant's vehicles vulnerable to theft and more dangerous. *Id*. The plaintiff supported her argument with Ohio law establishing that intervening criminal acts do not sever the causal connection where those criminal acts are foreseeable. *Id*. at 776. The plaintiff also maintained that prior cases are distinguishable because they "did not involve, as here, an auto manufacturer charged with the

5

responsibility to incorporate industry-standard anti-theft measures into its vehicles." *Id*. The court noted Ohio courts, including the *Ross* court, have held "as a matter of law that the theft of a motor vehicle constitutes an intervening cause that breaks the chain of causation with respect to the car owner's liability for personal injuries arising from that theft." *Id*. at 778. Ohio courts maintain this holding when owners of the stolen vehicles were required to take certain measures to protect against vehicle theft similar to the alleged responsibility of the defendant manufacturer to incorporate certain anti-theft measures. *Id*. at 782. With the well-established Ohio case law, the court rejected the plaintiff's arguments and granted the defendant's motion to dismiss. *Id*. at 785–86.

The decision in *Fox* is compelling here. Ohio courts consistently hold that, as a matter of law, the theft of a motor vehicle constitutes an intervening cause that breaks the chain of causation and Plaintiff fails to allege any facts to distinguish his case from this long line of Ohio case law. *See, e.g.*, *Pendrey v. Barnes*, 18 Ohio St. 3d 27, 29, 479 N.E.2d 283, 284 (1985) ("[A]n accident caused by an intermeddler, who was enabled to misappropriate a vehicle by the owner's having left the car unattended and the key in the ignition, will not create liability for the car's owner."); *Tilton v. Austintown Motors, Inc.*, No. 96-CO-71, 1997 WL 816526, at *3 (Ohio Ct. App. Dec. 30, 1997) ( "[e]ven assuming negligence of [the car dealership] in leaving cars unattended, the chain of causation is broken by the intervening, independent actions of the thief"); *Bugaj v. Nationwide Ins*., 2009 WL 2678938 (Ohio App. 6th Dist. Aug. 28, 2009) (applying *Pendrey* and *Ross* to find a defendant who left her car running with the keys in the ignition was not liable for negligence when the car was subsequently stolen and a third person suffered injury by the car thief"); *Lagowski v. Shelly & Sands, Inc*., 38 N.E.3d 456, 459 (Ohio Ct. App. 2015) ("*Tilton* and *Pendrey* establish the principle that the theft of a motor vehicle, even when the keys are left in the ignition

by the owner, is an intervening superseding cause breaking the chain of proximate cause in a negligence case.").

Plaintiff has thus failed to allege sufficiently proximate causation as required for each claim in his complaint. Without being able to show proximate cause as a matter of law, Plaintiff's claim for relief is not "'plausible on its face,'" with "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). As such, Plaintiff failed to state a claim under Rule 12(b)(6).

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion is **GRANTED**. Accordingly, this case is **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: March 31, 2025**